**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

### ORDER AMENDING ALL EXISTING WAGE ATTACHMENT ORDERS/ORDERS TO PAY TRUSTEE RELATED TO CASES ASSIGNED TO STANDING CHAPTER 13 TRUSTEE CHARLES J. DE HART, III

WHEREAS, the Successor Chapter 13 Trustee, Jack N. Zaharopoulos ("Mr, Zaharopoulos"), has filed a Motion for General Order Amending All Existing Wage Attachment Orders/Orders to Pay Trustee Related to Cases Assigned to Standing Chapter 13 Trustee Charles J. DeHart, III (the "Motion") to change the address where payments collected by wage attachment are to be sent; and

WHEREAS, the Court recognizes that a previous Wage Attachment Order or Order to Pay Trustee may have been entered in this case directing the Chapter 13 Debtor's employer to deduct a certain sum on a routine basis and send said sum to the previous Standing Trustee Charles J. DeHart III ("Mr. DeHart"), P.O. Box 7005, Lancaster, PA 17604; and

WHEREAS, based upon the retirement of Mr. DeHart and the appointment of Mr. Zaharopoulos as the successor Standing Chapter 13 Trustee, the payment address where payments collected by wage attachment are to be sent is changing;

IT IS HEREBY:

ORDERED that the Motion Trustee is GRANTED; and it is further

ORDERED that any Wage Attachment Order or Order to Pay Trustee entered prior to May 1, 2021 in this case is hereby AMENDED such that, effective May 1, 2021, **payment should no longer be sent to Mr. DeHart, and all future payments on or after May 1, 2021 must be sent to Mr. Zaharopoulos at the following address:**

**Jack N. Zaharopoulos, Standing Chapter 13 Trustee**
**P.O. Box 6008**
**Memphis, TN 38101-6008**

No other provisions of the original Wage Attachment Order or Order to Pay Trustee are changed.

Dated: April 30, 2021

By the Court,

_Henry W. Van Eck_

Henry W. Van Eck, Chief Bankruptcy Judge (CD)

IN RE:

| ALL CHAPTER 13 CASES ASSIGNED TO | : | CHAPTER 13 |
| STANDING CHAPTER 13 TRUSTEE | : | |
| CHARLES J. DE HART, III, | : | |

**MOTION BY SUCCESSOR CHAPTER 13 TRUSTEE FOR GENERAL ORDER AMENDING ALL EXISTING WAGE ATTACHMENT ORDERS/ORDERS TO PAY TRUSTEE RELATED TO CASES ASSIGNED TO STANDING CHAPTER 13 TRUSTEE CHARLES J. DE HART, III**

NOW COMES the Standing Successor Chapter 13 Trustee, Jack N. Zaharopoulos, who hereby moves this Honorable Court to amend any Wage Attachment Order or Order to Pay Trustee that has been entered in any open case that was (1) filed under Chapter 13 of the Bankruptcy Code and (2) assigned to Standing Chapter 13 Trustee Charles J. De Hart. In support of this Motion, the Successor Trustee states as follows:

1. Effective May 1, 2021, Charles J. De Hart III shall retire as Standing Chapter 13 Trustee for all Chapter 13 cases filed in the Middle District of Pennsylvania.

2. Also effective May 1, 2021, the United States Trustee has appointed Jack N. Zaharopoulos to serve as Standing Chapter 13 Trustee on all cases for which Mr. De Hart served as Trustee.

3. In certain Chapter 13 cases filed in the Middle District of Pennsylvania, orders styled "Wage Attachment Order," "Order to Pay Trustee" or the like have been entered directing a Chapter 13 Debtor's employer to deduct a sum certain on a specified interval and send that sum to Charles J. De Hart III at P.O. Box 7005, Lancaster, PA 17604. This was the address of Mr. De Hart's lockbox at Fulton Bank.

4.      The Successor Trustee will not be utilizing the services of Fulton Bank going forward.  Instead, the Successor Trustee has chosen to open trust accounts with SunTrust Bank and the address of SunTrust Bank where payments sent on or after May 1, 2021 should be sent is:

Jack N. Zaharopoulos, Standing Chapter 13 Trustee
P.O. Box 6008
Memphis, TN  38101-6008

5.      Based on this change in banks, the Successor Trustee respectfully requests that the Court enter a General Order, pursuant to 11 U.S.C. § 105(a), directing all employers that are deducting wages for Chapter 13 cases assigned to Standing Trustee Charles J. De Hart III, to cease sending those payments to the lockbox address associated with Fulton Bank and instead send those payments to the new lockbox address associated with SunTrust Bank.  Section 105(a) allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  The issuance of a General Order amending previous Wage Attachment Orders or Orders to Pay Trustee so that Chapter 13 plan payments are timely and efficiently received by the Trustee is both necessary and appropriate.

**WHEREFORE**, the Successor Trustee respectfully requests that the Court enter a General Order directing all employers that have previously been ordered to deduct Chapter 13 plan payments for open cases assigned to Mr. De Hart begin sending, as of May 1, 2021, those deductions to the new SunTrust Bank address listed in Paragraph 4 above.  No other changes to the original Wage Attachment Order or Order to Pay Trustee are requested.

Dated this 28th day of April, 2021.                    Respectfully submitted,


                                                       /s/
                                                       _____
                                                       Jack N. Zaharopoulos
                                                       Successor Chapter 13 Trustee


2